## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3827 | **DATE** | 7/22/2008 |
| **CASE TITLE** | Thaddeus Todd, Jr. Vs. Kohl Department Store | | |

**DOCKET ENTRY TEXT**

For the foregoing reasons, we grant Plaintiff's application to proceed *in forma pauperis (4)* and deny his motion (5) for appointment of counsel without prejudice. It is so ordered. The Clerk of the Court is direced to issue summons and complaint to the U.S. Marshal's Service for service on defendan(s). A status hearing is set for 9/18/08 at 10:30 a.m.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

(Reserved for use by the Court)

### ORDER

Presently before us is Plaintiff Thaddeus Todd, Jr.'s application to proceed *in forma pauperis* and motion for appointment of counsel in his employment discrimination suit against his employer, Defendant Kohl's Department Store. Before granting leave to file *in forma pauperis*, we must first determine whether or not Plaintiff is indigent. 28 U.S.C. § 1915(a)(1). We must also conduct an initial review of Plaintiff's complaint and dismiss the action if we find that (1) it is frivolous or malicious; (2) it fails to state a claim on which relief may be granted; or (3) it seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). As to the second factor, failure to state a claim, we apply the test for dismissal under Rule 12(b)(6), which requires "that a complaint contain 'enough facts to state a claim that is plausible on its face.'" *Moore v. F.B.I*, No. 07-1294, 2008 WL 2521089, at *1 (7th Cir. June 25, 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)); *see also George v. Smith,* 507 F.3d 605, 608 (7th Cir. 2007). Where, as here, a plaintiff is proceeding *pro se*, we have a responsibility to construe the complaint liberally. *Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). It is the "well established duty of the trial court to ensure that the claims of a *pro se* litigant are given a fair and meaningful consideration." *Palmer v. City of Decatur*, 814 F.2d 426, 428-29 (7th Cir. 1987).

In support of his allegation of poverty, Plaintiff submitted the required financial affidavit. He states that earns approximately $600 to $800 per month in his sales position with Kohl's. He further declares that has no additional sources of income, no assets, and no bank accounts containing more than $200. Assuming that he earns $800 a month, his annual income would total $9,600, placing him under the poverty guideline for a single-person household as established by the Department of Health & Human Services. (*See* Health & Human Services 2008 Poverty Guidelines, setting the guideline at $10,400 for a single person.) We thus find Plaintiff's allegation of poverty to be true.

According to the complaint, Kohl's discriminated against Plaintiff based on his race, sex and age in violation of Title VII of the Civil Rights Act and the Age Discrimination in Employment Act. He alleges that

**STATEMENT**

Kohl's failed to promote him based on these illegal grounds and failed to remedy the serious harassment (including threats against his life) despite his complaints.  He also claims that Kohl's retaliated against him after he filed a charge with the EEOC in March 2008.  Based on our initial review of the complaint, we conclude that Plaintiff has stated a claim for discrimination and retaliation upon which relief may be granted.

With regard to his motion for appointment of counsel, there is a threshold requirement that an individual make a reasonable effort to secure counsel, or show that he was effectively precluded from doing so, before presenting a request for appointment.  *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).  We typically require a litigant to submit documentation that demonstrates his efforts and the refusal of various attorneys to accept the case.  In his motion, Plaintiff states that he has "made several attempts" to secure counsel with no success.  We cannot conclude that this meager, unsubstantiated effort is reasonable, particularly under the circumstances of this case.  Indeed, plaintiffs in employment discrimination cases are often able to find attorneys to represent them on a contingency basis or for a modest fee.  *See Thomas v. Chi. Bd. of Educ.*, No. 01-C-9560, 2002 WL 398528, at *1 (N.D. Ill. Mar. 14, 2002).  Furthermore, Plaintiff offers no evidence that he was precluded from searching further, or that his case is particularly complex at this stage.    For the foregoing reasons, we grant Plaintiff's application to proceed *in forma pauperis* and deny his motion for appointment of counsel without prejudice.  It is so ordered.