# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3827 | **DATE** | 4/7/2011 |
| **CASE TITLE** | Thaddeus Todd vs. Kohl's Department Store | | |

**DOCKET ENTRY TEXT**

Accordingly, we conclude that the appeal is taken in good faith and grant Todd's motion for leave to appeal in forma pauperis (100).

*Marvin E Aspen*

■[ For further details see text below.]

Docketing to mail notices.

---

**STATEMENT**

(Reserved for use by the Court)

## ORDER

On February 22, 2011, Thaddeus Todd, Jr. filed a Notice of Appeal in Case No. 08-3827, seeking review of our January 27, 2011 order. In that order, we enforced the settlement agreement entered into by Todd and his employer, Kohl's Department Stores, Inc., and dismissed the case with prejudice. (*See* Dkt. Nos. 96–97.) Presently before us is Todd's application to proceed in forma pauperis with his appeal.

We previously granted Todd in forma pauperis status in the district-court action. (Dkt. No. 6.) As a result, Todd is eligible "to proceed in forma pauperis without further authorization," unless we certify that he is no longer qualified or that his "appeal is not taken in good faith." Fed. R. App. P. 24(a)(3). In reviewing his application, we consider his financial affidavit, which indicates that he is currently unemployed and has no additional sources of income. (Dkt. No. 100.) Todd's financial affidavit suggests that he may now live with his parents, and their income is unknown. (*Id.* ¶¶ 4–9.) However, the affidavit also does not indicate to what extent they support him. (*Id.*) Given our uncertainty about Todd's residence and whether his parents are legally responsible for him, we will not take their assets into account. *See, e.g., United States v. Scharf*, 354 F. Supp. 450, 452 (E.D. Pa. 1973) ("Assets of relatives who have no legal responsibility for petitioner's welfare . . . should not be considered in determining whether the petitioner should be allowed to proceed in forma pauperis."). Even if we take judicial notice of the fact that Todd should have received settlement proceeds pursuant to his agreement with Kohl's, his income still would not exceed the poverty guideline for a single-person household as established by the Department of Health & Human Services. (*See* Health & Human Services 2011 Poverty Guidelines, setting the guideline at $10,890 for a single person.) And although Todd completed the district court's financial affidavit form, rather than the Seventh Circuit's more detailed form, we elect not to hold this mistake against him under these circumstances. The information before us establishes that Todd continues to qualify as indigent.

In addition, we cannot conclude that his "appeal is not taken in good faith." Fed. R. App. P. 24(a)(3)(A).

## STATEMENT

Despite Todd's at times erratic prosecution of this matter, neither the underlying district-court action, nor this appeal, could be fairly characterized as frivolous. *See Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) (noting that the common legal meaning of "frivolous" refers to "a claim that no reasonable person could suppose to have any merit"); *Pate v. Stevens*, 163 F.3d 437, 439 (7th Cir. 1998) (cautioning district courts "not to apply an inappropriately high standard when making good faith determinations"). Accordingly, we conclude that the appeal is taken in good faith and grant Todd's motion for leave to appeal in forma pauperis. It is so ordered.